Miscellaneous, Inc. *v.* Klein's Fashions, Inc. et al., Appellants.

Argued April 26, 1973. Before JONES, C. J., EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

*B. Mark Chernoff,* for appellants.

*Robert E. Sigal,* with him *Sidney L. Krawitz,* and *Krawitz, Sigal & Ridley,* for appellee.

Opinion by Mr. Justice O'Brien, May 23, 1973:

Plaintiff-appellee, Miscellaneous, Inc., an Ohio corporation, registered to do business as a foreign corporation in Pennsylvania. On November 18, 1969, plaintiff received a certificate from the Common Pleas Court of Philadelphia permitting it to carry on business under the fictitious name "Misc., Inc." or "Miscellaneous, Inc". On November 26, 1969, plaintiff received another similar certificate from the office of the Secretary of the Commonwealth. Plaintiff operates a total of nine gift stores, only one being located in Pennsylvania, at the Monroeville Mall, Allegheny County. The Pennsylvania store, in operation since October, 1970, offers for sale certain women's accessories and other notions.

Appellant, Klein's Fashions, Inc. (Klein's), is a Pennsylvania corporation engaged in selling women's apparel. In June of 1969, approximately five months prior to the time plaintiff had received its certificates, Klein's was authorized to conduct business under the fictitious name "Misc." Klein's has several stores throughout Western Pennsylvania. In March of 1972, plaintiff learned that Klein's was planning to open a new store in Monroeville Mall, some sixty feet from plaintiff's establishment. Before Klein's had begun its Monroeville operation, plaintiff had by letter requested Klein's to refrain from using the designation "Misc." This request was denied and Klein's opened its women's apparel store under the designation "Misc." on May 12, 1972. Plaintiff filed a complaint in equity seeking to enjoin Klein's from using the name. A hearing was held on the complaint and the chancellor issued a decree nisi, enjoining Klein's from using the name "Misc." or any similar name, within the Borough of Monroeville. Exceptions were taken, argued and denied, and a final decree was entered. This appeal followed.

The sole issue presented in this case is whether plaintiff has met its burden of proving that its trade name had acquired a secondary meaning as defined by our decision in *Zimmerman v. Holiday Inns of Amer. Inc.*, 438 Pa. 528, 535, 266 A. 2d 87 (1970), where we explained: "The term 'secondary meaning' encompasses the situation where people in the trade or purchasing public come to think of a word or name as standing for the business of a particular owner. . . ."

In order to meet its burden of proving that the name "Misc." had come to have a secondary meaning, as standing for its business, plaintiff offered the following evidence:

(1) Testimony by its employees that the two names were so confusing that customers frequently came into its store seeking articles that were sold by Klein's.

(2) Testimony by its employees that mail and packages addressed to one party were frequently misdelivered to the other.

(3) Testimony by its employees that plaintiff had extensively advertised its store under the name "Miscellaneous" in Monroeville during the twenty months it had been operating the store.

(4) Testimony by one customer and by the fiance of one of its employees that when they heard the word "Miscellaneous", they thought of plaintiff's store.

While it is true that, in equity cases, findings of fact, approved by a court en banc have all the force and effect of a jury verdict, if they are supported by adequate evidence and ordinarily will not be disturbed on appeal, *Jacobson & Co. v. Int. Environment Corp.*, 427 Pa. 439, 445, 235 A. 2d 612 (1967), we do not believe that the evidence in the instant case is sufficient to establish the "secondary meaning" required to enable plaintiff to prevail.

Although two witnesses did testify that the word "Miscellaneous" or "Misc." meant the plaintiff's business to them, there was no evidence that these two witnesses were representative of the large numbers of shoppers who frequent stores in Monroeville or that the word "Miscellaneous" or "Misc." had the generally accepted meaning of plaintiff's store among such customers. The evidence offered by plaintiff, that customers frequently came into plaintiff's store looking for goods sold only by Klein's, is further evidence that plaintiff's use had not achieved a secondary meaning for its name.

While there is no doubt confusion between the two establishments, confusion, in and of itself, does not establish that one party's use of a name has given it a secondary meaning.[1] As for the twenty months of advertising activity engaged in by plaintiff, as we said in *Quaker State O. R. Co. v. Steinberg*, 325 Pa. 273, 281, 189 A. 473 (1937): "It is an accepted principle of the common law that mere advertising is insufficient to establish trade-mark usage."

While advertising is in fact relevant for the purpose of establishing a secondary meaning, it alone or with the other evidence in this case fails to establish a secondary meaning of plaintiff's trade name.

Decree vacated. Each party to bear own costs.

Mr. Chief Justice JONES and Mr. Justice EAGEN dissent.

---

[1] While the fact that the two names were confusingly similar would be sufficient to establish a cause of action under the Act of May 5, 1933, P. L. 364, art. II, §202, 15 P.S. §1202, the plaintiff had no rights under that statute because it did not have prior registration of the name.